**Abderman Gado SALIFOU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,\* Respondent.**

**No. 07–3601–ag.**

United States Court of Appeals, Second Circuit.

June 13, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Shana–Tara Regon, Ross Garber, Shipman & Goodwin LLP, Hartford, CT, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Scott Rempell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Abderman Gado Salifou, a native and citizen of Togo, seeks review of a July 23, 2007 order of the BIA, affirming the February 9, 2006 decision of Immigration Judge ("IJ") Michael W. Straus, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abderman Gado Salifou,* No. A98 977 152 (B.I.A. July 23, 2007), *aff'g* No. A98 977 152 (Immig. Ct. Hartford Feb. 9, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, in-

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

cluding adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

■ Upon review of the administrative record, we find that substantial evidence supports the agency's adverse credibility determination. The multiple specific examples of discrepancies between Salifou's testimony and the record provided sufficient bases on which the agency could conclude that he was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). These discrepancies included the inconsistent dates provided for his arrest, the different assertions regarding the length of his detention, his testimony that he obtained an affidavit from a party leader while he was in Togo when the affidavit was executed after his arrival in the United States, and Salifou's conflicting statements regarding whether he used a false name when he was admitted to the hospital. While Salifou offered some explanations for the discrepancies identified by the agency, a reasonable factfinder would not have been compelled to accept them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

Additionally, the agency reasonably relied on the inherent implausibility of some of Salifou's testimony. For example, his testimony that while in hiding he was able to travel extensively within Togo despite ample evidence in the record that Togo has armed military checkpoints throughout the country. Moreover, the agency reasonably inferred from Salifou's testimony that certain entry and exit dates in his passport were changed that they were altered because they indicated that he was traveling during the time he claimed to have been in the hospital. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 66–67 (2d Cir.2007). Based on these proper findings, none of the errors asserted by Salifou would induce us to disturb the agency's adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006). Accordingly, the agency's denial of Salifou's application for asylum was proper.

■ Salifou also challenges the IJ's reliance on the adverse credibility determination to deny him withholding of removal and relief under CAT, arguing that he presented evidence demonstrating his eligibility for such relief independent from the evidence he presented in support of his asylum claim. We have held that "a withholding of removal claim ... premised exclusively on objective evidence of future persecution, may, in appropriate instances, be sustained even though an IJ, in the context of an asylum claim, has found not credible the applicant's testimony alleging past persecution." *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Likewise, "[w]hile an asylum claim depends on an alien's credibility, because the alien must establish, through credible testimony, either that he or she has suffered past persecution, or that he or she subjectively fears future persecution, to prevail on a CAT claim the alien need only proffer objective evidence that he or she is likely to be tortured in the future." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 185 (2d Cir.2004). In cases where the applicant's withholding of removal and CAT claims do not depend solely on the factual predicate

that he failed to establish in support of his asylum claim, "the 'bleeding over' of adverse credibility findings into independent claims has been deemed to be an error sufficient to justify vacatur." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

Here, however, the agency properly denied each of Salifou's applications for relief on the basis of the IJ's adverse credibility determination. Salifou contends that because the IJ did not explicitly deem incredible his assertion that he was a member of the UFC in Togo, the IJ should have evaluated the objective evidence in the record suggesting that UFC members face persecution. In support of his argument, Salifou relies on our decision in *Paul v. Gonzales*. In that case, we found that where the IJ disbelieved petitioner's past persecution claim, but explicitly found that he was a practicing Christian, the BIA could not ignore objective evidence regarding the treatment of Christians in the petitioner's country. *Paul*, 444 F.3d at 157. The IJ in this case, in contrast, did not make such a "bifurcated credibility ruling" by finding certain of Salifou's assertions credible thereby leaving his claims of future persecution and torture viable. *Paul*, 444 F.3d at 154–55. Indeed, the record suggests that the IJ found Salifou's overall account not credible, including his assertion of UFC membership. Accordingly, we find that the agency did not err in denying Salifou's withholding of removal and CAT claims on the basis of the IJ's adverse credibility determination.[1] *See id.* at 156.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. We further find that Salifou failed to exhaust his assertion that as an asylum-seeker in the United States, he is likely to face persecution and torture upon return to Togo. While the BIA must consider the arguments an applicant presents in support of his or her claim, *Yan Chen v. Gonzales*, 417 F.3d 268, 272 (2d Cir.2005), Salifou's one-sentence assertion to the BIA, unsupported by any citation to the record, cannot be considered an argument and the BIA, thus, did not err in declining to address it. *See* 8 C.F.R. § 1208.16(b) & (c)(2). Moreover, before this Court, Salifou does not contend that the BIA erred in declining to address his claim; rather, he again asserts that he provided evidence that asylum-seekers are arrested and detained, citing for the first time an Amnesty International report in the record. To the extent this assertion can be deemed an assertion of error in the BIA's decision, it is unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir.2007).